IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-08-401 |
| WALTER EMORY MORSLEY, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Walter Morsley is a 62-year-old federal prisoner who is serving a 396-month sentence following his conviction by a jury of the following offenses: conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count One); Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count Two); brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) (Count Three); and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g) (Count Four). (Judgment, ECF No. 255; Jury Verdict, ECF No. 184; Second Superseding Indictment, ECF No. 47.) Now pending is Morsley's Motion for Sentence Reduction pursuant 18 U.S.C. § 3582(c)(1)(A)(i) (the "compassionate release" statute). (ECF No. 519 *SEALED*.) The Government opposes the motion. (ECF No. 521.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the following reasons, the motion is DENIED.

## BACKGROUND

On January 12, 2010, following a seven-day jury trial, Morsley was convicted of several offenses related to his participation in the May 9, 2008 armed robbery of a Dunbar armored truck in the Lexington Market area of Baltimore city. (ECF No. 185; Sentencing Tr., ECF No. 287 at 58.) At trial, one of the armored truck drivers testified that he feared for his life as Morsley and his co-conspirator robbed him at gunpoint of over $100,000.00 of company money. (Jan. 4, 2010 Tr., ECF No. 299 at 52.) At sentencing on March 26, 2010, this Court determined that based on his prior felony convictions, Morsley qualified both as a career offender under U.S.S.G. § 4B1.1 and as an armed career criminal subject to the enhancements set forth in 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4. (ECF No. 287 at 40.) Specifically, this Court determined that Morsley's 1977 convictions for murder in the second degree and assault with intent to murder; 1981 conviction for assault with intent to maim; and 1995 conviction for murder in the second degree qualified as violent felonies for the purposes of both the career offender guidelines and the armed career criminal enhancements. (ECF No. 287 at 32, 34, 36.) This Court applied the armed career criminal guidelines to calculate a base offense level of 34. (Amended Presentence Report ¶¶ 47-54.[1]) After taking into account Morsley's criminal history and the consecutive time he faced for the § 924(c) count, this Court determined that Morsley's advisory guidelines range was 360 months to life imprisonment. (ECF No. 287 at 40.)

---

[1] While the Amended Presentence Report has not yet been docketed, Morsley has explained that he has provided a copy of the report both to this Court and to the Government. (ECF No. 519-1 *SEALED* at 3 n.4.)

2

This Court sentenced Morsley as follows: concurrent terms of imprisonment of 240 months on Counts One and Two; a term of 84 months on Count Three to run consecutive to the sentences imposed on Counts One and Two; and a term of 72 months on Count Four to run consecutive to the sentences imposed on all other counts for a total term of imprisonment of 396 months. (ECF No. 255.) The United States Court of Appeals for the Fourth Circuit affirmed Morsley's convictions and sentence. *United States v. Morsley*, 454 F. App'x 191 (4th Cir. 2011).On October 25, 2021, Morsley filed the presently pending motion for compassionate release. (ECF No. 519 *SEALED*.) Morsley seeks a reduction in sentence because he contends that if he were sentenced for the same offenses today, he would not be subject to the career offender guidelines or the Armed Career Criminal Act enhancements. Morsley's scheduled release date is July 17, 2037.

## ANALYSIS

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. §

3

3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction; that the defendant is no longer a danger to the community; and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Of relevance here, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Similarly, a defendant who is "(i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less," presents extraordinary and compelling reasons to release. U.S.S.G. § 1B1.13 cmt. n.1(B). Finally, the Commission has authorized the Bureau of Prisons to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission. U.S.S.G. § 1B1.13 cmt. n.1(D).

Although potentially useful guides, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis. As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the Bureau of Prisons' authority over compassionate release petitions and authorizes the district courts to

exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020); *accord United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) (holding that "the First Step Act allows courts independently to determine what reasons, for purposes of compassionate release, are 'extraordinary and compelling'").

**I.     Extraordinary and Compelling Reasons**

As an initial matter, the Government does not contest that Morsley has exhausted his administrative remedies.[2] Accordingly, this Court must determine whether he has demonstrated that "extraordinary and compelling" reasons support relief. 18 U.S.C. § 3582(c)(1)(A).

Morsley argues that he is serving a disproportionately long sentence that is driven by the career offender guidelines and the Armed Career Criminal Act, provisions that would not apply if he were sentenced today. As Judge Blake of this Court has noted:

> [I]n considering a defendant's motion for sentence reduction based on subsequent changes in the law that create sentencing disparities, the court should conduct an individualized and holistic assessment of the defendant's circumstances to determine whether there are extraordinary and compelling reasons for relief. The district court may appropriately consider at least the following four factors in making such assessment: (1) whether the sentence imposed is grossly disproportionate to a sentence the defendant would likely receive if sentenced today, signifying that the sentence is "dramatically longer than necessary or fair;" (2) whether the sentence imposed is unusually or grossly lengthy in comparison to sentences currently imposed for similar or more serious offenses; (3) the length of the sentence the defendant already has served; and (4) other personal characteristics of the defendant, which may include the defendant's relative youth at the time of the offense and their post-sentencing conduct in the BOP.

---

[2] *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021) ("Because the [exhaustion] requirement is not jurisdictional, it may be waived or forfeited.").

*United States v. Myers*, CCB-01-188, 2021 U.S. Dist. LEXIS 109985, at *7-8 (D. Md. June 11, 2021) (citing *United States v. McCoy*, 981 F.3d 271, 285-86 (4th Cir. 2020)). The Government concedes that if sentenced today, Morsley would not be subject to the career offender guidelines because neither Hobbs Act robbery nor conspiracy to commit Hobbs Act robbery qualifies as a crime of violence under U.S.S.G. § 4B1.1. *See United States v. Green*, 996 F.3d 176 (4th Cir. 2021) ("We agree with our sister circuits and now hold that Hobbs Act robbery is not a crime of violence under the Sentencing Guidelines' career offender provision.").

The Government contends, however, that Morsley's prior felony convictions would still qualify him as an armed career criminal. As the Fourth Circuit has explained,

> Typically, a conviction under § 922(g) carries a statutory maximum sentence of ten years in prison. See 18 U.S.C. § 924(a)(2). But if the defendant is considered an armed career criminal under the ACCA, then he is subject to a mandatory minimum sentence of fifteen years with a maximum of life imprisonment. 18 U.S.C. § 924(e)(1); *see also United States v. Vann*, 660 F.3d 771, 772 (4th Cir. 2011) (en banc) (per curiam). A defendant is an armed career criminal if he has three predicate convictions for either a "violent felony or a serious drug offense." *Id.*

*United States v. Allred*, 942 F.3d 641, 646 (4th Cir. 2019). Defendants found to be armed career criminals are also subject to an enhanced advisory guidelines range under U.S.S.G. § 4B1.4. In *Borden v. United States*, 141 S. Ct. 1817, 1834 (2021), the United States Supreme Court held that [o]ffenses with a *mens rea* of recklessness do not qualify as violent felonies under ACCA." In *Borden*, the Court recognized that "there may be laws whose *mens rea* go beyond mere recklessness, by requiring a somewhat more culpable state of mind, such as depraved heart or extreme recklessness, a state of mind just short of, if not akin to, acting knowingly" but expressly reserved ruling on whether such crimes qualify as crimes of

6

violence for the purposes of the ACCA. *United States v. Sweatt*, DKC 05-0230, 2021 U.S. Dist. LEXIS 132909, at *11 (D. Md. July 16, 2021) (citing *Borden*, 141 S. Ct. at 1825 n.4).

Morsley argues that his two prior convictions for Maryland second degree murder do not qualify as ACCA predicate violent felonies because that crime encompasses acts committed with a *mens rea* of "extreme indifference to the value of human life." *Alston v. State*, 101 Md. App. 47, 56, 643 A.2d 468, 473 (Md. Ct. Spec. App. 1994); *see also Owens v. State*, 170 Md. App. 35, 102, 906 A.2d 989 (Md. Ct. Spec. App. 2006) (citing *Robinson v. State*, 307 Md. 738, 744, 517 A.2d 94 (1986)) ("Second-degree depraved heart murder requires 'the deliberate perpetration of a knowingly dangerous act with reckless and wanton unconcern and indifference as to whether anyone is harmed or not.'"). As Judge Chasanow of this Court has noted, "in light of the clear reservation of the question whether depraved heart murder qualifies as a violent felony by the plurality in *Borden*, it cannot be said that [a] second degree murder conviction does not qualify" as a violent felony under the ACCA. *United States v. Jenkins*, No. DKC 12-0043, 2021 U.S. Dist. LEXIS 213595, at *9 (D. Md. Nov. 4, 2021). Therefore, this Court cannot conclude that Morsley would not qualify as an armed career criminal if sentenced today nor can it conclude that "the sentence imposed is grossly disproportionate to a sentence [Morsley] would likely receive if sentenced today." *Myers*, 2021 U.S. Dist. LEXIS 109985, at *7-8.

## II.    18 U.S.C. § 3553(a) Factors

Even if Morsley had demonstrated the existence of extraordinary and compelling reasons, compassionate release would nonetheless be inappropriate because the factors found at 18 U.S.C. § 3553(a) do not support relief. The factors require this Court to evaluate

7

(1) Morsley's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a); *United States v. Bryant*, Crim No. 95-202-CCB, 2020 WL 2085471 at *4. Morsley's offenses were extremely serious and violent. He participated in one of a series of armed robberies targeting armored trucks. As this Court recognized at sentencing, Morsley's conduct "was terrorizing the armored car community. And it was placing innocent citizens at risk." (ECF No. 287 at 58.) Morsley's lengthy criminal history is also concerning. Morsley had sustained two prior murder convictions and a conviction for assault with intent to maim. This Court is aware of the need to protect the public from Morsley given his history of violence. A reduction in sentence in this case would neither provide just punishment nor promote respect for the law.

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED this 8th day of April, 2022, that Defendant Morsley's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 519 *SEALED*) is DENIED.

_____/s/_____
Richard D. Bennett
United States District Judge